UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

GAVIN WADE WARNER,

        Plaintiff,        Case No. 2:25–cv–26

v.                                Honorable Phillip J. Green

UNKNOWN JOHNSTON, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or

entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the

undersigned concludes that Defendants are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claim for failure to state a claim and decline supplemental jurisdiction over the state law claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

I. **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Corrections Officer Johnston, Corrections Officer Meehan, and Warden J. Corrigan. (Compl., ECF No. 1, PageID.1–2.)

In his complaint, Plaintiff alleges that on May 2, 2024, he was involved in an altercation with another inmate while at URF. Defendant C/O Johnston placed the other inmate in cuffs and attempted to restrain him, while Defendant C/O Meehan placed Plaintiff in cuffs and restrained him by laying on Plaintiff's stomach. However, the other inmate broke free of Johnston's grip, kicked Plaintiff in the face, and broke Plaintiff's jaw. Plaintiff was placed in segregation and had surgery on his jaw on May 10, 2024. On December 6, 2024, Plaintiff was informed by an unnamed member of the medical staff that he had broken bones on the other side of his jaw that were not repaired by the May 2024 surgery. (*Id.* at PageID.3.)

Plaintiff alleges these Defendants "knew or should have known that prisoners need to be protected from each other at all times," and that "policy states that at least two C/O's should restrain and escort prisoners in seg[regation] or fighting and going to seg[regation]." Specifically, Plaintiff contends that Johnston failed to protect him by allowing the other inmate to pull away during the altercation, and that Meehan did not allow Plaintiff to move out of the way from being kicked. Plaintiff also alleges

4

that Defendant Warden J. Corrigan "has allowed a pattern of dangerous and unprofessional behavior to be acted out on a daily basis by the C/O's that work under him, creating a[n] unhealthy and dangerous environment. (*Id.* at PageID.3–4.) Plaintiff alleges Defendants Johnston and Meehan were negligent, and in his affidavit, Plaintiff restates his claim as one for "failure to protect and gross negligence." (*Id.* at PageID.3, 6.) Plaintiff seeks "punitive damages for the mental and physical pains, and emotional anguish, etc., in the amount of $1,500,000 each and compen[s]atory damages in the amount of $500,000 each and exemplary damages in the amount of $1,000,000 each," among other relief. (*Id.* at PageID.4.)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### III. Analysis

The complaint does not specifically state the source of law under which Plaintiff intends to proceed. Instead, Plaintiff merely alleges Defendants' "failure to protect," "negligence," and "gross negligence." (*See* Compl. at PageID.3–6.) Reading Plaintiff's *pro se* complaint indulgently, *see Haines*, 404 U.S. at 520, the Court construes Plaintiff's allegations to raise (A) an Eighth Amendment violation under 42 U.S.C. § 1983, and (B) negligence under Michigan state law.

#### A. Eighth Amendment Claims

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, the Court construes Plaintiff's "failure to protect" claim as a claim arising under the

6

Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (holding that inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment).

Generally, the Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).

Further, § 1983 defendants can be named in their individual and official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Here,

7

Plaintiff states that he is suing Defendants in their respective individual capacities. (Compl., ECF No. 1, PageID.2.)

### 1. Allegations that Defendants Johnston and Meehan Failed to Protect Plaintiff During the Altercation with the Other Inmate

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer*, 511 U.S. at 833. Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). However, not every incident of inmate-on-inmate violence supports a claim of constitutional liability. *Farmer,* 511 U.S. at 834. For a prisoner to state an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011).

Plaintiff alleges that on May 2, 2024, he was involved in an altercation with another inmate, and that Defendants Johnston and Meehan "knew or should have known" that they were required to protect him. (Compl. at PageID.3, 6.) The Court

8

presumes that the altercation with the other inmate constituted a sufficiently serious risk to Plaintiff's health and safety. *Mingus*, 591 F.3d at 479–80.

However, Plaintiff states no facts to indicate that, leading up to the altercation, Defendants Johnston or Meehan were aware of a substantial risk to Plaintiff's safety from this other inmate, nor any from which they should have inferred such a risk. For example, there are no allegations that Plaintiff or the other inmate were involved in prior fights with each other or had previously threatened each other—much less that Defendants knew or should have known of such fights or threats. Plaintiff's general allegations that Defendants "knew or should have known" to protect him (Compl. at PageID.3) are conclusory and cannot support a failure-to-protect claim without plausible facts alleged in support. *Twombly*, 550 U.S. at 555 (holding that while a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Moreover, allegations that Defendants "should have known" have been rejected by the Sixth Circuit Court of Appeals in the Eighth Amendment context because it "comes close to 'suggest[ing] a classic negligence formulation.'" *Doe v. Jackson Loc. Sch. Dist. Bd. of Ed.*, 954 F.3d 925, 932 (6th Cir. 2020). Negligent actions fall short of the deliberate indifference required to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835 (holding that an Eighth Amendment violation requires a "state of mind more blameworthy than negligence"). Plaintiff's

9

conclusory assertions fail to support a finding Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . also dr[e]w the inference." *Id*. at 837.

Based on Plaintiff's scant allegations, the Court concludes that Plaintiff has failed to allege sufficient facts to support the subjective prong of his Eighth Amendment claim. Plaintiff's conclusory allegations that Defendants Johnston and Meehan knew or should have known protection was needed, without facts to support this assertion, fail to state an Eighth Amendment failure-to-protect claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

### 2. Allegations Regarding Defendant Corrigan

Plaintiff claims that, as Warden, Defendant Corrigan "has allowed a pattern of dangerous and unprofessional behavior to be acted out on a daily basis by the C/O's that work under him, creating a[n] unhealthy and dangerous environment." (*Id*. at PageID.3.) However, government officials such as Defendant Corrigan may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888

(6th Cir. 2004). The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee,* 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege any <u>facts</u> that would plausibly suggest that Defendant Corrigan authorized, approved, or knowingly acquiesced in any unconstitutional conduct such that it could be said he was the moving force behind said conduct. *Twombly*, 550 U.S. at 555 (holding that while a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, Plaintiff fails to state an Eighth Amendment claim against Defendant Corrigan.

### 3. Allegations Regarding Plaintiff's May 10, 2024, Surgery

In addition to the allegations regarding Defendants Johnston and Meehan's actions at the May 2 altercation, the complaint states that Plaintiff was placed in segregation and had to wait 8 days for surgery until May 10, 2024. Additionally, the complaint states that on December 6, 2024, Plaintiff was informed by an unnamed member of the medical staff that he had broken bones on the other side of his jaw that were not repaired by the May 2024 surgery. (Compl. at PageID.3.) However, Plaintiff does not connect any alleged wrongful act regarding the surgeries themselves to Defendants Johnston, Meehan, or Corrigan. (*See, generally*, Compl.) "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," *Iqbal*, 556 U.S. at 676, and a claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter*, 532 F.3d at 575–76; *Greene*, 310 F.3d at 899. Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendants Johnston, Meehan, or Corrigan regarding any failure to tend to Plaintiff's medical needs after the May 2 altercation.

### B. State Law Claims

As noted above, Plaintiff's allegations do not support an inference that Defendants' actions were intentional or deliberately indifferent; but the allegations might support an inference that Defendants acted negligently. A state-law negligence claim, however, would not serve as the foundation for a § 1983 claim. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S.

12

922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, any assertion that Defendants may be liable for a state law tort fails to state a claim under § 1983.

To the extent that Plaintiff seeks to include a state law claim for negligence, the Court declines to exercise supplemental jurisdiction over any such state-law claim. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch*

*Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).  Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claim for negligence will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claim will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law tort claim, however, will be dismissed without prejudice because the Court declines to exercise jurisdiction over it.  *See* 28 U.S.C. § 1367(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore*, 114 F.3d at 611.  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

Plaintiff is advised that should he appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11.

A judgment consistent with this opinion will be entered.


Dated:  March 12, 2025              /s/ Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge

14